LOHIER, Circuit Judge,
concurring in part and concurring in the judgment:
I join in the majority opinion except for part II.B.2 relating to the application of the rule of reason. In my view, Apple’s appeal rises or falls based on the application of the per se rule. That rule clearly applies to the central agreement in this case (and the only agreement alleged to be unlawful): the publishers’ horizontal *340 agreement to fix ebook prices. Cf. Leegin Creative Leather Prods., Inc. v. PSKS, Inc., 551 U.S. 877, 893, 127 S.Ct. 2705, 168 L.Ed.2d 628 (2007) (vertical agreements “may ... be useful evidence for a'plaintiff attempting to prove the existence of a horizontal cartel”). I would affirm on that basis alone.
That said, I recognize that the publisher defendants, who used Apple both as powerful leverage against Amazon and to keep each other in collusive check, may appear to be more culpable than Apple. And there is also some surface appeal to Apple’s argument that the ebook market, in light of Amazon’s virtually uncontested dominance, needed more competition. But more corporate bullying is not an appropriate antidote to corporate bullying. It cannot have been lawful for Apple to respond to a competitor’s dominant market power by helping rival corporations (the publishers) fix prices, as the District Court found happened here. However sympathetic Apple’s plight and the publishers’ predicament may have been, I am persuaded that permitting “marketplace vigilantism,” Majority Op. at 298, would do far more harm to competition than good, would be disastrous as a policy matter, and is in any event not sanctioned by the Sherman Act.